IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT L. APEL,
    Plaintiff,

vs.                                      3:07cv405/RV/MD

JUDGE JOYCE WILLIAMS,
    Defendant.

## REPORT AND RECOMMENDATION

       This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1).  Leave to proceed *in forma pauperis* has been granted by separate order, and no initial partial filing fee was assessed.

       Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).   A complaint is frivolous under section 1915(e)  "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at

327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682*,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).  In this case, plaintiff's complaint is subject to dismissal as frivolous and because the only named defendant is immune from suit under the latter provision.

Plaintiff sues Judge Joyce William, contending that the judge has violated his right to a speedy trial, has kept him falsely imprisoned and has conducted biased proceedings against him.  He claims violations of the First, Second, Fifth, Sixth, Eighth, Thirteenth and Fourteenth amendments to the Federal Constitution, as well as a violation of Florida law.  Plaintiff seeks dismissal of the state charges against him, his release from custody and $100,000 in damages.

Plaintiff may not bring his constitutional claim against Judge William, as it is well established that judges acting in their judicial capacity are absolutely immune from damages suits. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.")(citing *Mitchell v. Forsyth*, 472 U.S. 511, 526-27, 105 S.Ct. 2806, 2815-16, 86 L.Ed.2d 411 (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *see also Sun v.Forrester*, 939 F.2d 924, 925-26 (11th Cir. 1991), *cert. denied*, 503 U.S. 921, 112 S.Ct. 1299, 117 L.Ed.3d 521 (1992). This immunity is retained even if it is alleged that the judge conspired with other parties to bring about a deprivation of another's rights. *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978); *Mireles*, 502 U.S. at 11; *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988).  There is nothing in the complaint from which the court can surmise that Judge Williams is not entitled to the protection of judicial immunity.

To the extent plaintiff seeks dismissal of the charges and release from custody, the complaint must be dismissed, because in this respect, plaintiff's claim lacks even an arguable basis in law.  Federal Courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm.  *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see also*, *Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *Luckey v. Miller*, 976 F.2d 673 (11th Cir. 1992).  "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See *id*.

In accordance with the foregoing, the court concludes that sua sponte dismissal of plaintiff's complaint is warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (iii).

At Pensacola, Florida, this 28th day of September, 2007.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

Case No: 3:07cv405/RV/MD